**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Mary Boyer<br>6016 Durbin Rd.<br>Sylvania, OH 43560 | * | Case No. 3:23-cv-314 |
| | * | Judge |
| Plaintiff, | * | Magistrate Judge |
| v. | * | |
| | | **COMPLAINT** |
| ProMedica Health System, Inc.<br>C/O CT Corporation System<br>4400 Easton Cmns Way, Ste 125<br>Columbus, Ohio 43219, | * | **JURY DEMAND ENDORSED HEREON** |
| & | * | |
| HCR ManorCare, Inc. dba ProMedica Senior Care<br>C/O CT Corporation System<br>4400 Easton Cmns Way, Ste 125<br>Columbus, Ohio 43219, | * | |
| Defendants. | * | |

Now comes Plaintiff Mary Boyer ("Plaintiff"), through undersigned counsel, for her Complaint against Defendants, ProMedica Health System, Inc. and HCR ManorCare, Inc. dba ProMedica Senior Care (collectively, "Defendants," unless otherwise indicated), who states as follows:

## INTRODUCTION

1. This action seeks to remedy violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*, ("FMLA"). Plaintiff has been denied compensation and benefits to which she was entitled because of her eligibility and usage of medical leave under the FMLA. Plaintiff is entitled to payment of her damages, equitable relief, including, but not limited to a declaratory judgment and/or injunctive relief, liquidated damages, and attorney's fees and costs under 29 U.S.C. § 2617(a) for Defendants' joint efforts to interfere with her entitlement to medical leave or otherwise discriminate against Ms. Boyer in violation of the FMLA.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the ADA and FMLA.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio, Western Division.

## PARTIES

**A. Plaintiff Mary Boyer**

4. At all times relevant, Plaintiff was a person who resided within this judicial district and was employed by Defendants as an eligible employee within the meaning of the FMLA because of her employment, other than in domestic service, for at least twelve (12) months and for at least 1,250 hours of service during the twelve (12) months before she took FMLA leave. Further, Defendants employed her at a worksite where fifty (50) or more employees are employed within seventy-five (75) miles of that worksite. *See* also 29 C.F.R. § 825.110.

**B**. **The Joint or Integrated Employer Defendants**

5. ProMedica Health System, Inc. ("ProMedica"), located at 100 Madison Ave., Toledo, Ohio 43604, is an Ohio non-profit corporation, which conducts business in this judicial district, as it provides healthcare throughout Northwest Ohio.[1] At all times relevant hereto, ProMedica Health System, Inc. has been an eligible employer within the meaning of the FMLA because it is engaged in commerce or in any industry or activity affecting commerce that employs or employed at least fifty (50) or more employees at or within a 75-mile radius of the Plaintiff's worksite for each working day during each of 20 or more calendar workweeks in the year of or the calendar year preceding the events giving rise to this cause of action. ProMedica, jointly or through its integrated enterprise with ProMedica Senior Care, employed Plaintiff.

6. HCR ManorCare, Inc. dba ProMedica Senior Care ("ProMedica Senior Care"), located at 333 N. Summit St., Toledo, Ohio 43604, is owned and operated by ProMedica Health System, Inc.[2] It conducts business in this judicial district, as it provides healthcare throughout Northwest Ohio, and/or residential care facilities, homes for the aged, or similar. At all times relevant hereto, ProMedica Senior Care has been an eligible employer within the meaning of the FMLA because it is engaged in commerce or in any industry or activity affecting commerce that employs or employed at least fifty (50) or more employees at or within a 75-mile radius of the Plaintiff's worksite for each working day during each of 20 or more calendar workweeks in the year of or the calendar year preceding the events giving rise to this cause of action. ProMedica Senior Care, jointly or through its integrated enterprise with ProMedica Health System, Inc., employed Plaintiff.

---

[1] ProMedica Headquarters, https://www.promedica.org/location/promedica-headquarters (last visited February 15, 2023).
[2] ProMedica Senior Care, Contact Us, https://www.promedicaseniorcare.org/contact-us/ (last visited February 15, 2023); see also ProMedica Senior Care: What's Changing and What's Not, https://www.promedicaseniorcare.org/what-s-changing-and-what-s-not/ (last visited February 15, 2023).

7. ProMedica Health System, Inc. is the sole member of ProMedica Senior Care.[3] By and through this relationship, Defendants, through its common ownership, management, and control, employed Plaintiff, by and through the joint management over Plaintiff's work or working conditions, to the mutual benefit of Defendants.

**FACTS**

8. Plaintiff began working for HCR ManorCare, Inc. ("HCR") in 2008. Upon the acquisition of HCR in 2018 by ProMedica, Plaintiff continued in her employment through ProMedica Senior Care in the Central Billing Office ("CBO").

9. Until December 20, 2022, Plaintiff was successfully employed as a CBO Billing Supervisor for ProMedica's Senior Care. As a Billing Supervisor, Plaintiff's primary job duties consisted of the management of millions of dollars in revenue in support of Defendants' managed care of nursing home facilities. By all accounts, Plaintiff excelled in her role and successfully performed her duties; was a valued employee; and received positive employment reviews from Defendants.

10. Plaintiff's employment relationship deteriorated with Defendants, by and through its integrated and/or joint management or control once she became eligible for and utilized medical leave pursuant to the FMLA in the fall of 2022.

11. On or about September 22, 2022, Plaintiff requested and received approval for medical leave from Defendants for surgery due to a serious health condition, commencing on October 24, 2022, through an anticipated return to work date of December 3, 2022. During this

---

[3] HCR ManorCare, Inc., Domestic/Amended Restated Articles, https://bizimage.ohiosos.gov/api/image/pdf/202107405302 (last visited February 15, 2023).

period of medical leave, Plaintiff was incapacitated and under the care of a physician, as she recovered from surgery.[4]

**PROMEDICA ANNOUNCES DIVESTURE OF HCR OR PROMEDICA SENIOR CARE**

12. On or about November 7, 2022, ProMedica notified its employees with ProMedica Senior Care that it was terminating its operations for the management of residential nursing facilities and related managed care. At this time, Defendants also announced, that it would be reorganizing its operations, which would result in employment opportunities and changes within ProMedica's operations.

13. On November 28, 2022, Plaintiff's manager, Jenny Altstaetter ("Ms. Altstaetter"), the CBO Manager of Managed Care for ProMedica Senior Care, directed Plaintiff to attend a conference call with the supervisors for the managed care team concerning the future of ProMedica's Senior Care with ProMedica, even though she was out on medical leave under the FMLA. Plaintiff attended the telephone call from her home while she recuperated from surgery due to her serious health condition.

14. During the November 30, 2022 conference call, Sandy Annesser ("Ms. Annesser"), an Assistant Vice President for ProMedica Senior Care in the CBO, and Martin Allen ("Mr. Allen"), the Vice President for ProMedica Senior Care, notified Plaintiff that while ProMedica's investment into managed care through ProMedica Senior Care would be ending in the near future, Defendants planned to offer retention bonuses and other employment opportunities to its employees to ensure that Defendants' operations continued successfully until a projected end date,

---

[4]On the form for the Certification of Health Care Provider for Employee's Serious Health Condition, Defendants listed Plaintiff's employer name as "ProMedica Healthcare System – Senior Care."

while more information would follow, or a transition to another managed care operator outside of ProMedica.

15. On or about December 5, 2022, Plaintiff returned to work in her role as a CBO Billing Supervisor for Defendants. The following day, on December 6, 2022, Plaintiff learned from Ms. Altstaetter that ProMedica was going to provide a retention bonus of upwards of $10,000 to the CBO's supervisors (referred herein as "retention bonus"). Since Plaintiff was a supervisor, she expected to receive this retention bonus.

16. Upon information and belief, the retention bonus was not based on performance, merit, reaching goals, or attendance record. Rather, it was solely given to retain Defendants' key employees within the CBO, minimally.

17. However, Plaintiff learned from Ms. Altstaetter that ProMedica would ***not*** offer any retention bonuses to those employees who received medical leave under the FMLA in the prior year. As such, Plaintiff learned that due to her FMLA leave, she and others similarly situated would not receive continued employment and/or additional compensation in the form of a "retention bonus."

18. Upon information and belief, Mr. Allen generated a list of employees outlining who would and would not receive additional compensation. The names of the employees who utilized medical leave under the FMLA in the prior year were crossed off the list as ineligible to receive the retention bonus.

19. During a phone call on or about December 8, 2022, Mr. Martin confirmed that Defendants' employees who did not receive the additional compensation in the form of a "retention bonus" or similar employment opportunities were employees that were excluded because: these "people were on FMLA."

## PLAINTIFF PROTESTS PROMEDICA'S DISCRIMINATION

20. Plaintiff opposed Defendants' decision to deny her (and other FMLA eligible employees) this retention bonus and/or continued employment due to their status under the FMLA on multiple occasions to Ms. Altstaetter, Ms. Annesser and Mr. Allen, as she reasonably believed that this decision was discriminatory and in violation of Defendants' policies, and the law.

21. However, Defendants' agents informed Plaintiff that the decision was final, and she was then instructed by her superiors not to question the authority of ProMedica's management in this decision, otherwise she would face disciplinary action.

22. For the following weeks, Plaintiff nevertheless continued to protest ProMedica's foregoing decision as discriminatory and illegal. She repeatedly requested that she, as well as those employees similarly impacted, be provided with the additional compensation and/or continued employment opportunities, equally. However, Defendants, instead, instructed Plaintiff not to question Defendants' decision or authority any further on the issue, or she would face discipline, including termination. Thereafter, as her protests continued, Plaintiff learned from Defendants that she would be marked as "ineligible for rehire," which would inhibit her future employment opportunities with Defendants.

23. On or about December 20, 2022, to protect her career, Plaintiff notified Defendants that she would resign in accordance with Defendants' policies with appropriate notice of 4 weeks. Instead, Defendants terminated Plaintiff immediately. Upon information and belief, she has been marked as "ineligible for rehire" by Defendants.

# CAUSES OF ACTION

## COUNT I
### (FMLA Retaliation - 29 U.S.C. § 2615, *et seq.*,)

24. All of the preceding paragraphs are realleged as if fully rewritten herein.

25. By and through the foregoing, Defendants retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights by taking the following non-exhaustive list of actions: (1) because of her FMLA status, classifying or otherwise discriminating against Plaintiff (and those like her) as ineligible to receive a retention bonus and/or continued employment, to the detriment of Plaintiff by upwards of $10,000; (2) holding her use of medical leave as a negative factor in her employment, given she was denied equal terms, conditions, and benefits of employment because of her medical leave; (3) terminating her employment, through constructive discharge; (4) refusing to compensate Plaintiff with all compensation due and owing to her but for her FMLA eligibility or leave; (5) marking Plaintiff as ineligible for rehire due to her protected activity, including but not limited to protesting discrimination under the FMLA; and (6) otherwise treating her less favorably than similarly situated employees who do not have a record of FMLA leave.

26. By engaging in the foregoing conduct, Defendants have retaliated against Plaintiff through her attempt to or exercise of her FMLA rights, in violation of 29 U.S.C. § 2615(a) and (b).

27. Each Defendant's conduct was willful in its violations of the FMLA.

28. Each Defendant's actions, described herein, were taken in bad faith and without reasonable grounds for believing that its acts or omissions were not a violation of 29 U.S.C. § 2615, causing Plaintiff to suffer lost compensation and benefits and entitling her to reinstatement and to recover double her actual damages in liquidated damages, equitable relief as this Court may deem appropriate, interest, her attorneys' fees, and costs.

## COUNT II
### (FMLA Interference - 29 U.S.C. § 2615, *et seq.*,)

29. All of the preceding paragraphs are realleged as if fully rewritten herein.

30. By and through the foregoing, Defendants interfered with Plaintiff's FMLA rights by taking the following non-exhaustive list of actions: (1) because of her FMLA status, classifying or otherwise discriminating against Plaintiff (and those like her) as ineligible to receive a retention bonus and/or continued employment, to the detriment of Plaintiff by upwards of $10,000; (2) holding her use of medical leave as a negative factor in her employment, given she was denied equal terms, conditions, and benefits of employment because of her medical leave; (3) discouraging Plaintiff (and others like her) from using medical leave, despite its entitlement, through the withholding of a retention bonus and/or continued employment or similar opportunities; (4) refusing to compensate Plaintiff with all compensation due and owing to her but for her FMLA eligibility or leave; and (5) marking Plaintiff as ineligible for rehire (and otherwise treating Plaintiff differently than other employees) due to her medical leave.

31. By engaging in the foregoing conduct, each Defendant has interfered with, restrained, and/or denied Plaintiff's exercise of or attempt to exercise her FMLA rights, in violation of 29 U.S.C. § 2615(a)(1).

32. As a result of each Defendant's interference, Plaintiff was harmed in the fact that she was denied notice of her statutory rights under the FMLA, refused reinstatement to the same or an equivalent position, unlawfully terminated for exercising or attempting to exercise her FMLA rights, and denied further benefits to which she is entitled under the FMLA, including but not limited to job protection and/or reinstatement.

33. As a direct and proximate result of each Defendant's actions, Plaintiff has suffered damages, in accordance with 29 U.S.C. § 2617(a), and entitling her to reinstatement and to recover

double her actual damages in liquidated damages, equitable relief as this Court may deem appropriate, interest, their attorneys' fees, and costs.

## I. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment against each Defendant, as follows:

(a) An Order for declaratory judgment that Defendants' actions as complained of herein violate the FMLA, jointly and severally.

(b) An Order for injunctive relief prohibiting Defendants from its continued conduct, jointly and severally.

(c) An Order that Defendants reinstate Plaintiff to the position she held at the time of her separation from employment or otherwise with equal employment opportunities, including but not limited to compensation or eligibility for future employment opportunities with ProMedica or its affiliates.

(d) An Order to remove the "ineligible for rehire" notation from Plaintiff's record.

(e) Awarding Plaintiff her back pay and front pay, as well as other appropriate economic relief as authorized pursuant to the FMLA.

(f) Awarding Plaintiff the retention bonus at issue in this case, to which she was otherwise eligible, as well as other appropriate economic relief as authorized pursuant to the FMLA.

(g) Awarding Plaintiff liquidated damages.

(h) Awarding Plaintiff her costs and reasonable attorneys' fees associated with this action as provided by the FMLA.

(i) Pre- and post-judgment interest; and

(j) Directing such other and further relief as the Court may deem just or appropriate.

Respectfully submitted,

**BRYANT LEGAL, LLC**

<table>
<tr><td>

*/s/ Matthew B. Bryant*
Matthew B. Bryant (0085991)
Esther E. Bryant (0096629)
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Phone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Mbryant@bryantlegalllc.com
       Ebryant@bryantlegalllc.com

</td><td>

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

</td></tr>
</table>

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew B. Bryant*
Matthew B. Bryant (0085991)

*An Attorney for Plaintiff*